UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-61830-CIV-SMITH

STATE OF FLORIDA,

    Plaintiff,

vs.

ANNETTE M. CAVE,

    Defendant.
_____/

## ORDER OF REMAND

THIS MATTER is before the Court on Defendant's Notice of Removal [DE 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3]. Pursuant to 28 U.S.C. §§ 1331 and 1443, Defendant has attempted to remove state court criminal proceedings against her. A review of the Notice of Removal indicates that this Court lacks jurisdiction over this matter.

Under 28 U.S.C. § 1331, this Court has original jurisdiction over "all civil actions arising under the constitution, laws, or treaties of the United States." This is a criminal matter; thus, removal under § 1331 is inappropriate because § 1331 does not confer jurisdiction on this Court over criminal matters.

Under § 1443, a defendant may remove an action if it is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal

1

rights, or for refusing to do any act on the ground that it would be inconsistent with such law."
28 U.S.C. § 1443(1). Under Supreme Court precedent:

> A removal petition filed under § 1443 must satisfy the two-prong test set out in *Georgia v. Rachel*, 384 U.S. 780, 792, 794, 86 S. Ct. 1783, 1790, 1791, 16 L. Ed. 2d 925 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Conley,* 245 F.3d at 1295 (quoting *Rachel,* 384 U.S. at 792, 86 S. Ct. at 1790). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* A defendant's reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." *Rachel,* 384 U.S. at 792, 86 S. Ct. at 1790 (holding that "the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443").

*Provident Funding Assocs., LP v. Obande*, 414 Fed. App'x 236, 238 (11th Cir. 2011).

Defendant has not met this two-pronged test. Defendant's Notice of Removal relies, in part, on the Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment, the Supremacy Clause of the U.S. Constitution, and 18 U.S.C. § 241. None of these provide for specific civil rights stated in terms of racial equality. Thus, none can be the basis for removal under § 1443.

Defendant also relies on 18 U.S.C. § 242, which does provide for specific civil rights in terms of racial equality. Defendant, however, has failed to show that she has been denied her rights under § 242. In fact, the Broward County Sheriff's Office's Charge Report, which is attached to the Notice of Removal, indicates that Defendant is white. Further, Defendant has provided no evidence that she cannot enforce her rights in state court. Thus, Defendant has not satisfied the second prong of the two part test as to her removal based on § 242. Accordingly, it is

2

ORDERED that:

1. This matter is REMANDED to the Seventeenth Judicial Circuit Court, Broward County, Florida.

2. Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] is DENIED as moot.

3. All pending motions not otherwise ruled upon are DENIED as moot.

4. This case is CLOSED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 23rd day of July, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All counsel of record